PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 15 2006

at 2 o'clock and 06 min. P M
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: SHANE RODRIGUES Case Number: CR 00-00471SOM-01

Name of Sentencing Judicial Officer: The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 8/10/2001

Original Offense: Counts 1 and 2: Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence: Thirty-seven (37) months imprisonment as to each of Counts 1 and 2, to run concurrently with each other, to be followed by three (3) years of supervised release as to each of Counts 1 and 2, all terms to run concurrently with each other. The following special conditions were imposed: 1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) The defendant is prohibited from possessing any illegal or dangerous weapons; 3) The defendant shall provide the Probation Office access to any requested financial information; 4) The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office; 5) The defendant shall participate in a mental health program at the discretion and direction of the Probation Office; and 6) Restitution of $5,296 is due immediately to Bank of Hawaii, P.O. Box 2900, Honolulu, Hawaii 96846, Attention: Gordon Lee; and $2,964.00 is due immediately to First Hawaiian Bank, Security Department, P.O. Box 1959, Honolulu, Hawaii 96805-1959. Any remaining balance upon release from confinement is to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of the defendant's monthly gross income.

Modification: On 1/25/2005, the Court modified the conditions of supervision to include:

7) That the defendant perform 24 hours of community service as directed by the Probation Office.

On 7/14/2005, the Court modified the conditions of supervision to include:

8) That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

Type of Supervision: Supervised Release Date Supervision Commenced: 5/21/2004

**PETITIONING THE COURT**

[X] To modify the conditions of supervision as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 9: That the defendant serve two (2) months community confinement in a community corrections center such as Mahoney Hale, as arranged by the Probation

Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

**CAUSE**

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. General Condition | The subject admitted using cocaine on 7/9/2005 and 2/1/2006. |
| 2. Special Condition No. 1 | The subject refused to comply with drug testing on 12/7/2005, 12/26/2005, and 2/1/2006. |
| 3. Special Condition No. 6 | The subject failed to make a restitution payment for the months of June 2005, July 2005, August 2005, October 2005, November 2005, and January 2006. |

The Court was previously notified on 10/18/2004 of the subject's refusal to comply with drug testing on 8/20/2004, 9/27/2004, and 10/11/2004. In response to his noncompliance, the subject was served with a letter of reprimand and informed that he would be extended in his current level of drug testing at Drug Addiction Services of Hawaii (DASH), by three (3) months. No further action was recommended and Your Honor concurred.

On 1/21/2005, the Court was notified that the subject incurred a line of credit with the Honolulu Federal Employees Credit Union in November 2004, without the approval of the Probation Office. Specifically, the subject secured a $15,363 automobile loan despite having an outstanding restitution balance. As a sanction for his noncompliance, it was recommended that the Court modify his conditions of supervision to require the subject to perform twenty-four (24) hours of community service. Your Honor concurred with this recommendation. The subject has yet to satisfy this sanction.

On 7/12/2005, the Court was informed that the subject's urine specimen of 5/31/2005 tested positive for cocaine, he admitted using cocaine on 6/24/2005, refused to comply with drug testing on 6/24/2005, and failed to make a restitution payment for the months of February 2005, March 2005, and April 2005. As a corrective measure, the subject was referred to Intensive Outpatient (IOP) counseling at DASH. He completed the IOP program in September 2005. As an additional sanction, it was recommended that the Court modify his conditions of supervision to require the subject to serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. Your Honor concurred with this recommendation. He completed his home detention with electronic monitoring on 9/26/2005.

Since the last report to the Court, the subject has incurred a number of additional violations. On 7/11/2005, the subject submitted a urine specimen at DASH that was tested using a Non-Instrumented Drug Testing (NIDT) device and found to be positive for cocaine. The subject admitted that he used cocaine on 7/9/2005. The specimen was forwarded to a laboratory for confirmation and was found to be negative for cocaine. A possible explanation for the negative result would be that the level of cocaine in the subject's urine sample fell below the nationally recognized cut off level for this drug. Because the confirmation test was negative, it was not reported to Your Honor. The subject was reprimanded and warned that future drug use could result in revocation proceedings being initiated.

Additionally, our office was informed by Freedom Recovery Services (FRS) that on 12/7/2005, 12/26/2005, and 2/1/2006, the subject failed to report for drug testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. With respect to the 12/7/2005, and 12/26/2005 drug tests, the subject stated that he simply forgot to call FRS. He was reprimanded and warned to be more careful in the future. With respect to the 2/1/2006 drug test, the subject admitted that he missed his drug test because he had used cocaine.

On 2/2/2006, the subject submitted a urine specimen at the Probation Office, due to missing his drug test at FRS on 2/1/2006. The specimen was tested using an NIDT and was positive for cocaine. The subject admitted using cocaine on 2/1/2006. The specimen was forwarded to a laboratory and the confirmation has not yet been received.

With respect to his restitution obligation, the subject is to make installment payments toward his restitution balance according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. As previously reported to the Court, in April 2005, the subject suffered a serious accident at home, where he severed nerves and tendons in his left hand. As a result, he was unemployed from the time of the accident until December 2005. Although the subject received disability compensation during part of this period, the subject did not make payments according to his income as required. The subject stated that he had too many bills including medical bills to pay. On 12/30/2005, the subject agreed to a voluntary payroll deduction allowing twenty-five (25) percent of his monthly net income to be applied toward restitution. The subject recently secured employment as a waiter at a Mexican restaurant. He has an outstanding balance of $6,529.20.

The Court should also be aware that the subject reportedly attempted suicide by ingesting a bottle of sleeping pills in December 2005. The subject reported being depressed about his hand injury and relationship problems with his girlfriend. The subject has since been referred for psychological counseling with Dr. Stephen Choy. Dr. Choy is also a Certified Substance Abuse Counselor and can address the subject's recent cocaine use.

Despite the above, it is respectfully recommended that the Court allow the subject to remain under the supervision of our office. The subject was sternly admonished and warned that any future noncompliance will necessarily require our office to initiate revocation proceedings. In a final effort to bring the subject into compliance, it is respectfully recommended that the Court modify his conditions of supervision to require him to serve two (2) months of community confinement in a community corrections center such as Mahoney Hale. His placement at Mahoney Hale will enable our office to more closely monitor his activities in the community. Our office has confirmed that there is immediate bed space at Mahoney Hale for the subject. As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this modification. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed sanction.

Respectfully submitted by,

Frank M. Condello II

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

Timothy M. J

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 2/9/2006

---

THE COURT ORDERS:

[ X ]The Modification of Conditions as Noted Above
[ ] Other

Susan Oki Mollway

SUSAN OKI MOLLWAY
U.S. District Judge

2/13/06

Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ] To modify the conditions of supervision as follows:

*General Condition* — *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.*

*Special Condition No. 1* — *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

*Special Condition No. 9* — *That the defendant serve two (2) months community confinement in a community corrections center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.*

Witness: [signature]
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: [signature]
SHANE RODRIGUES
Supervised Releasee

2/8/06
Date