Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 8 2006

at __3__ o'clock and __26__ min. ____M
SUE BEITIA, CLERK

U.S.A. vs.  SHANE RODRIGUES                          Docket No.  CR 00-00471SOM-01

### REQUEST FOR COURSE OF ACTION
**(Statement of Alleged Violations of Supervised Release)**

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of SHANE RODRIGUES, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 10th day of August 2001, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. The defendant is prohibited from possessing any illegal or dangerous weapons.

3. The defendant shall provide the Probation Office access to any requested financial information.

4. The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5. The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

6. Restitution of $5,296 is due immediately to Bank of Hawaii, P.O. Box 2900, Honolulu, Hawaii 96846, Attention:  Gordon Lee; and $2,964 is due immediately to First Hawaiian Bank, Security Department, P.O. Box 1959, Honolulu, Hawaii 96805-1959.  Any remaining balance upon release from confinement is to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of the defendant's monthly gross income.

On 1/21/2005, the Court modified the conditions of supervised release as follows:

7. That the defendant perform 24 hours of community service as directed by the Probation Office.

Prob 12C
(Rev. 1/06 D/HI)

On 7/14/2005, the Court modified the conditions of supervised release as follows:

8.  That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

On 2/13/2006, the Court modified the conditions of supervised release as follows:

General Condition:  That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition No. 1:  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

9.  That the defendant serve two (2) months community confinement in a community corrections center such as Mahoney Hale, as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Forms 7A and 12Bs are attached) as follows:

1.  The subject incurred a line of credit with the Honolulu Federal Employees Credit Union in November 2004, without the approval of the Probation Office, in violation of Special Condition No. 4.

2.  The subject failed to perform 24 hours of community service as directed by the Probation Office, in violation of Special Condition No. 7.

3.  The subject's urine specimens of 5/31/2005, 6/28/2005, and 2/2/2006, tested positive for cocaine, in violation of the General Condition.

4.  The subject admitted using cocaine on 7/9/2005, in violation of the General Condition.

Prob 12C
(Rev. 1/06 D/HI)

3

5. The subject refused to comply with drug testing on 8/20/2004, 9/27/2004, 10/11/2004, 6/24/2005, 12/7/2005, 12/26/2005, and 2/1/2006, in violation of Special Condition No. 1.

6. The subject failed to make a restitution payment for the months of February 2005, March 2005, April 2005, June 2005, July 2005, August 2005, October 2005, January 2006, February 2006, March 2006, May 2006, June 2006, July 2006, and August 2006, in violation of Special Condition No. 6.

7. The subject failed to submit a monthly supervision report for the months of April 2006, May 2006, June 2006, July 2006, August 2006, and September 2006, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 11/7/2006

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 7th day of November, 2006, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **RODRIGUES, Shane**
       **Criminal No. CR 00-00471SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Counts 1 and 2:  Bank Robbery, Class C felonies.  He was sentenced by Your Honor on 8/10/2001 to thirty-seven (37) months imprisonment with three (3) years supervised release to follow.  The subject began his supervised release term on 5/21/2004.

**Violation Nos. 1 and 2 - Incurred a Line of Credit With the Honolulu Federal Employees Credit Union in November 2004 and Failed to Perform 24 Hours of Community Service**:  On 1/21/2005, Your Honor was notified that the subject incurred a line of credit without the approval of the probation office and despite having a large outstanding restitution balance.  As part of the case review process, this officer conducted a routine credit bureau check on 1/4/2005.  The credit report indicated that the subject secured a $15,363 automobile loan in November 2004 from the Honolulu Federal Employees Credit Union.  At the time the subject was processed for supervision on 5/26/2004, he acknowledged by his signature, that among other special conditions he was prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.  The subject did not have the approval of the Probation Office to secure the above-cited automobile loan.

When questioned about the loan by this officer, the subject admitted that he purchased a 2003 Volkswagen Golf in order to have a vehicle for work purposes.  He stated that he forgot that he needed our office's permission prior to obtaining a line of credit.  The subject was verbally reprimanded and informed that the loan he secured could have paid off his restitution in full and still enabled him to purchase a cheaper vehicle.

As an additional sanction, our office recommended that the subject be ordered to perform twenty-four (24) hours of community service.  Your Honor concurred with this recommendation.  In March 2005, the subject was referred to the Adult/Juvenile Community Service and Restitution unit (AJCSR) for completion of his community service.

Prior to beginning his community service, the subject seriously injured himself at home on 4/10/2005, where he severed nerves and tendons in his left hand.  The subject reportedly put his hand through a sliding glass door.  As a result of this incident, the subject was temporarily disabled and unable to use his hand properly.  Community service was postponed as a result.

In December 2005, the subject was referred back to AJCSR for completion of his community service hours.  However, the subject failed to follow-up with this referral.  In mitigation, the subject at the time was dealing with issues of depression and substance abuse.  The subject reported being depressed about his hand injury and relationship problems with his

Re:    **RODRIGUES, Shane**
       **Criminal No. CR 00-00471SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

girlfriend. He reportedly attempted suicide by taking an overdose of sleeping pills on 12/17/2005. The subject was referred for psychological counseling with Dr. Stephen Choy. Dr. Choy recommended day treatment at a dual diagnosis facility. In February 2006, the subject reportedly was contemplating suicide again and checked himself into Queen's Hospital. Community service was postponed to allow the subject to focus on his mental health and substance abuse issues.

On 5/25/2006, the subject was instructed by this officer to return to AJCSR for a community service referral and to make the completion of his ordered hours a priority. On 5/31/2006, the subject left a message for this officer indicating that he was given a site by AJCSR to perform his community service and would start on 6/5/2006. When questioned by this officer on 7/13/2006, the subject indicated that he had failed to perform any community service. The subject explained that he was busy after starting a new union job on 6/19/2006. The subject was given two weeks to arrange his schedule in order to accommodate the completion of his community service.

On 8/7/2006, this officer discovered that the subject and been laid off at work. When questioned by this officer about his employment status on 8/25/2006, the subject disclosed that he had yet to perform any community service. The subject was verbally admonished and instructed that while he waited on a new job placement by the union, he was to perform his twenty-four (24) hours of community service by the end of September 2006. On 8/30/2006, the subject advised this officer that AJCSR referred him to Ala Moana Beach Park to complete his community service and he was to start on 9/2/2006.

On 9/25/2006, this officer received confirmation from AJCSR that the subject had failed to perform any community service hours during the month of September. When questioned that same day by this officer, the subject admitted that he had failed to perform any community service but claimed he had been sick with a cold and was having problems with his girlfriend. To date, the subject has failed to perform any community service hours.

**Violation Nos. 3 and 4 - Urine Specimens of 5/31/2005, 6/28/2005, and 2/2/2006 Tested Positive for Cocaine and Admitted Using Cocaine on 7/9/2005**: Per the special condition, the subject was referred to substance abuse counseling and drug testing. On 7/12/2005, Your Honor was informed that on 5/31/2005, the subject submitted a urine specimen at Drug Addiction Services of Hawaii (DASH) that was later confirmed to be positive for cocaine by a laboratory. The subject admitted that he used cocaine on 5/29/2005. Your Honor was also informed that on 6/28/2005, the subject submitted a urine specimen at the Probation Office that was later confirmed to be positive for cocaine by a laboratory. The subject admitted using cocaine on 6/24/2005. As a corrective measure, the subject was

Re:    **RODRIGUES, Shane**
       **Criminal No. CR 00-00471SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

placed in the DASH Intensive Outpatient Program (IOP). The subject was admonished for his illicit drug use. Additionally, our office recommended to Your Honor that the Court modify the subject's conditions of supervision to require him to serve two (2) months of home detention with electronic monitoring. Your Honor concurred with this recommendation. The subject completed his home detention with electronic monitoring on 9/26/2005.

On 2/9/2006, Your Honor was notified that on 7/11/2005, the subject submitted a urine specimen at DASH that was tested using a non-instrumented drug testing device (NIDTD) and found to be positive for cocaine. When questioned by this officer, the subject admitted that he used cocaine on 7/9/2005. The specimen was forwarded to a laboratory for confirmation and was found to be negative for cocaine. A possible explanation for the negative result would be that the level of cocaine in the subject's urine sample fell below the nationally recognized cut off level for this drug. Our office also informed Your Honor that on 2/2/2006, the subject submitted a urine specimen at the Probation Office. This specimen was later confirmed to be positive for cocaine. The subject admitted using cocaine on 2/1/2006. The subject was sternly admonished and warned that any future noncompliance would necessarily require our office to initiate revocation proceedings. In a final effort to bring the subject into compliance, our office recommended to Your Honor that the conditions of supervision be modified to require the subject to serve two (2) months of community confinement in a residential reentry center such as Mahoney Hale. Our office also recommended that the General Condition be modified to conform with U.S. vs. Stephens, and that Special Condition No. 1 be modified with updated language. Your Honor concurred with these recommendations. The subject completed his community confinement on 4/28/2006.

**Violation No. 5 - Refusing to Comply With Drug Testing on 8/20/2004, 9/27/2004, 10/11/2004, 6/24/2005, 12/7/2005, 12/26/2005, and 2/1/2006**: On 10/18/2004, Your Honor was informed that the subject refused to comply with drug testing on 8/20/2004, 9/27/2004, and 10/11/2004. With regard to the 8/20/2004 and 9/27/2004 missed drug tests, the subject claimed that he simply forgot to call DASH for testing instructions. With regard to the 10/11/2004 missed drug test, the subject claimed that he knew about the drug test but went home after work and fell asleep. The subject was verbally admonished for his noncompliance. As an additional sanction, the subject was served with a letter of reprimand. He was also warned that continued noncompliance would require the imposition of a more severe sanction. No further adverse action was recommended and Your Honor concurred.

On 7/12/2005, Your Honor was notified that among other violations, the subject refused to comply with drug testing on 6/24/2005. The subject admitted that he missed his drug testing on 6/24/2005 because he used cocaine on that date. As mentioned earlier in this report, the subject was sanctioned with two (2) months of home detention with electronic monitoring by Your Honor.

Re:     **RODRIGUES, Shane**
        **Criminal No. CR 00-00471SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 4**

In October 2005, the subject's substance abuse counseling and drug testing was moved to Freedom Recovery Services (FRS) due to a contract change. On 2/9/2006, Your Honor was informed that among other violations, the subject refused to comply with drug testing on 12/7/2005, 12/26/2005, and 2/1/2006. With respect to the 12/7/2005, and 12/26/2005 drug tests, the subject stated that he simply forgot to call FRS. He was reprimanded and warned to be more careful in the future. With respect to the 2/1/2006 drug test, the subject admitted that he missed his drug test because he had used cocaine on that date. As mentioned earlier in this report, Your Honor sanctioned the subject with two (2) months community confinement and modified the wording of the General Condition and Special Condition No. 1. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply.

**Violation No. 6 - Failed to Make a Restitution Payment for the Months of February 2005, March 2005, April 2005, June 2005, July 2005, August 2005, January 2006, February 2006, March 2006, May 2006, June 2006, July 2006, and August 2006**: On 7/12/2005, Your Honor was notified that the subject failed to make a restitution payment for the months of February 2005, March 2005, and April 2005. Up until February 2005, the subject was employed with Worldwide Window Cleaning but quit this job in order to participate in a non-paid training program with the Operator Engineers Union. Despite having earnings from January 2005, the subject failed to make even a token restitution payment in February 2005. In March 2005, the subject began employment with Hawaiian Dredging as a heavy equipment operator.

On 4/14/2005, the subject's obligation to pay restitution was discussed with him. As already noted in this report, the subject had seriously injured his hand on 4/10/2005 and would be unable to return to his union job. However, the subject reported earning approximately $1,200 for the month of March 2005. As a result, the subject was specifically instructed that within a week, he was to submit $120 in restitution for March 2005. The subject failed to do so. Considering his injury, the subject was subsequently instructed to begin making monthly "good faith payments" of $25 starting in April 2005 and until such a time as he began receiving temporary disability insurance payments. It is worth noting that despite only working half of the month in April 2005, the subject received income of $1,260.80. The subject failed to make a restitution payment in April 2005.

In May 2005, the subject had no income but submitted a $25 restitution payment as agreed upon. From June 2005 through September 2005, the subject began receiving monthly disability payments of approximately $676. The subject was specifically instructed on 6/14/2005, that he was expected to apply a minimum of 10% of his disability income toward restitution. The subject failed to submit any restitution payments in June 2005, July 2005, and August 2005. He made a $68 payment in September 2005.

Re:    **RODRIGUES, Shane**
       **Criminal No. CR 00-00471SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 5**

The subject reportedly had no income for the months of October and November 2005 and thus could not submit any restitution. As a result, the subject was not charged with failing to pay restitution for those months. He submitted a token restitution payment of $20 on 12/2/2005 and subsequently began working part-time as a waiter in late December 2005. Your honor was again notified of the subject's noncompliance with respect to the payment of restitution on 2/9/2006.

After filing our report with the Court in early February 2006, it was recognized that the subject's noncompliance with respect to the payment of restitution continued. Despite reported monthly income of approximately $400 (not including tips), the subject failed to make restitution payments in January 2006, February 2006, and March 2006. Based on his known income, the subject should have made minimum monthly payments of $40 for those months.

In April 2006, the subject submitted $88 in restitution. It is believed that the subject remained employed as a waiter in May 2006 but because he failed to submit a monthly supervision report, our office is unsure of the subject's employment status and income during that month. Nonetheless, the subject failed to make a restitution payment in May 2006.

In June 2006, the subject was medically cleared to return to work as a heavy equipment operator. He started employment with Dick Pacific Construction on 6/19/2006. On 8/16/2006, our office discovered that the subject had been laid off from this job on 8/7/2006. Because the subject also failed to submit monthly supervision reports for June, July, and August 2006, we have been unable to establish how much of his income from this employment should have been applied toward his restitution. The subject failed to make restitution payments in June 2006, July 2006, and August 2006.

To date, the subject has made no other effort to meet his restitution obligation. In fact, the subject's only restitution payment this year was the $88 he submitted in April 2006. His employment status remains in question as he has reportedly relied on the Operator Engineers Union for job placement. The subject's current restitution balance is $6,677.27.

**Violation No. 7 - Failed to Submit a Monthly Supervision Report for the Months of April 2006, May 2006, June 2006, July 2006, August 2006, and September 2006**: Standard Condition No. 2 requires that the subject submit a truthful and complete written report within the first five (5) days of each month. This report is to include all pay stubs from employment. The subject failed to submit monthly supervision reports for the months of April 2006, May 2006, June 2006, July 2006, August 2006, and September 2006. On 5/25/2006, 7/13/2006, and 9/6/2006, this officer instructed the subject to submit his delinquent monthly supervision reports. On each occasion, the subject promised to do so but failed to follow through. To date, the subject has made no effort to submit these delinquent reports.

Re:     **RODRIGUES, Shane**
        **Criminal No. CR 00-00471SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 6**


        The subject has been afforded numerous opportunities to come into compliance. He
has been sanctioned with verbal and written reprimands, community service, home detention
with electronic monitoring, and community confinement. Our office has exhausted all interim
sanctions available. The subject has not taken the Court or our office seriously as evidenced
by his continued noncompliance. He frequently makes excuses for why he is not compliant
and appears apathetic. As a result of his continued noncompliance and disregard for the
conditions of supervision, we respectfully recommend that the Court issue a Summons for his
appearance to show cause why supervised release should not be revoked.

                                        Respectfully submitted by,


                                        FRANK M. CONDELLO, II
                                        U.S. Probation Officer


Approved by:


TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:   **RODRIGUES, Shane**
       **Criminal No. CR 00-00471SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 7**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

PROB 7A
(Rev 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

## DISTRICT OF HAWAII

To: **SHANE RODRIGUES**
Address: 1454 Kohou Street
Honolulu, Hawaii  96817

Docket No.  CR 00-00471SOM-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway,  U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of 3 years commencing 5/21/2004.

While on supervised release, the defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

   *See attached.*

   Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) X _____          X 5/26/04
         SHANE RODRIGUES, Defendant                Date

_____                     5/26/04
FRANK M. CONDELLO, II                             Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00, D/HI 7/02)

RE:    SHANE RODRIGUES
       Docket No. CR 00-00471SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(1)    *The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

(2)    *The defendant is prohibited from possessing any illegal or dangerous weapons.*

(3)    *The defendant shall provide the Probation Office access to any requested financial information.*

(4)    *The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.*

(5)    *The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.*

(6)    *Restitution of $5,296.00 is due immediately to Bank of Hawaii, P.O. Box 2900, Honolulu, Hawaii 96846, Attention: Gordon Lee; and $2,964.00 is due immediately to First Hawaiian Bank, Security Department, P.O. Box 1959, Honolulu, Hawaii 96805-1959. Any remaining balance upon release from confinement is to be paid during the period of probation on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of the defendant's monthly gross income.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _x_ _____    x _5/26/04_
                  SHANE RODRIGUES, Defendant           Date

         _____    _5/26/04_
         FRANK M. CONDELLO, II                  Date
         U.S. Probation Officer

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 15 2006

at ___ o'clock and ___ min___ M
SUE BEITIA, CLERK

# United States District Court

RECEIVED
U.S. PROBATION OFFICE
HONOLULU HI

### for the

## DISTRICT OF HAWAII

'06 FEB 15  P3:44

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  SHANE RODRIGUES          Case Number:  CR 00-00471SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 8/10/2001

Original Offense:    Counts 1 and 2:  Bank Robbery, in violation of 18 U.S.C. § 2113(a),
a Class C felony

Original Sentence:  Thirty-seven (37) months imprisonment as to each of Counts 1
and 2, to run concurrently with each other, to be followed by
three (3) years of supervised release as to each of Counts 1 and 2,
all terms to run concurrently with each other.  The following special
conditions were imposed:  1) The defendant shall participate in a
substance abuse program, which may include drug testing at the
discretion and direction of the Probation Office; 2) The defendant is
prohibited from possessing any illegal or dangerous weapons;
3) The defendant shall provide the Probation Office access to any
requested financial information; 4) The defendant is prohibited from
incurring credit charges and lines of credit without the approval of
the Probation Office; 5) The defendant shall participate in a mental
health program at the discretion and direction of the Probation
Office; and 6) Restitution of $5,296 is due immediately to Bank of
Hawaii, P.O. Box 2900, Honolulu, Hawaii 96846, Attention:  Gordon
Lee; and $2,964.00 is due immediately to First Hawaiian Bank,
Security Department, P.O. Box 1959, Honolulu, Hawaii 96805-
1959.  Any remaining balance upon release from confinement is to
be paid during the period of supervision on an installment basis
according to the collection policy of the Probation Office but at a
rate of not less than 10 percent of the defendant's monthly gross
income.

Prob 12B
(7/93)

2

| Modification: | On 1/25/2005, the Court modified the conditions of supervision to include: |

7) That the defendant perform 24 hours of community service as directed by the Probation Office.

On 7/14/2005, the Court modified the conditions of supervision to include:

8) That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

<u>Type of Supervision: Supervised Release     Date Supervision Commenced: 5/21/2004</u>

## PETITIONING THE COURT

[X]     To modify the conditions of supervision as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 9: That the defendant serve two (2) months community confinement in a community corrections center such as Mahoney Hale, as arranged by the Probation

Prob 12B
(7/93)

3

Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | The subject admitted using cocaine on 7/9/2005 and 2/1/2006. |
| 2. Special Condition No. 1 | The subject refused to comply with drug testing on 12/7/2005, 12/26/2005, and 2/1/2006. |
| 3. Special Condition No. 6 | The subject failed to make a restitution payment for the months of June 2005, July 2005, August 2005, October 2005, November 2005, and January 2006. |

The Court was previously notified on 10/18/2004 of the subject's refusal to comply with drug testing on 8/20/2004, 9/27/2004, and 10/11/2004. In response to his noncompliance, the subject was served with a letter of reprimand and informed that he would be extended in his current level of drug testing at Drug Addiction Services of Hawaii (DASH), by three (3) months. No further action was recommended and Your Honor concurred.

On 1/21/2005, the Court was notified that the subject incurred a line of credit with the Honolulu Federal Employees Credit Union in November 2004, without the approval of the Probation Office. Specifically, the subject secured a $15,363 automobile loan despite having an outstanding restitution balance. As a sanction for his noncompliance, it was recommended that the Court modify his conditions of supervision to require the subject to perform twenty-four (24) hours of community service. Your Honor concurred with this recommendation. The subject has yet to satisfy this sanction.

On 7/12/2005, the Court was informed that the subject's urine specimen of 5/31/2005 tested positive for cocaine, he admitted using cocaine on 6/24/2005, refused to comply with drug testing on 6/24/2005, and failed to make a restitution payment for the months of February 2005, March 2005, and April 2005. As a corrective measure, the subject was referred to Intensive Outpatient (IOP) counseling at DASH. He completed the IOP program in September 2005. As an additional sanction, it was recommended that the Court modify his conditions of supervision to require the subject to serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. Your Honor concurred with this recommendation. He completed his home detention with electronic monitoring on 9/26/2005.

Prob 12B
(7/93)

4

Since the last report to the Court, the subject has incurred a number of additional violations. On 7/11/2005, the subject submitted a urine specimen at DASH that was tested using a Non-Instrumented Drug Testing (NIDT) device and found to be positive for cocaine. The subject admitted that he used cocaine on 7/9/2005. The specimen was forwarded to a laboratory for confirmation and was found to be negative for cocaine. A possible explanation for the negative result would be that the level of cocaine in the subject's urine sample fell below the nationally recognized cut off level for this drug. Because the confirmation test was negative, it was not reported to Your Honor. The subject was reprimanded and warned that future drug use could result in revocation proceedings being initiated.

Additionally, our office was informed by Freedom Recovery Services (FRS) that on 12/7/2005, 12/26/2005, and 2/1/2006, the subject failed to report for drug testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. With respect to the 12/7/2005, and 12/26/2005 drug tests, the subject stated that he simply forgot to call FRS. He was reprimanded and warned to be more careful in the future. With respect to the 2/1/2006 drug test, the subject admitted that he missed his drug test because he had used cocaine.

On 2/2/2006, the subject submitted a urine specimen at the Probation Office, due to missing his drug test at FRS on 2/1/2006. The specimen was tested using an NIDT and was positive for cocaine. The subject admitted using cocaine on 2/1/2006. The specimen was forwarded to a laboratory and the confirmation has not yet been received.

With respect to his restitution obligation, the subject is to make installment payments toward his restitution balance according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. As previously reported to the Court, in April 2005, the subject suffered a serious accident at home, where he severed nerves and tendons in his left hand. As a result, he was unemployed from the time of the accident until December 2005. Although the subject received disability compensation during part of this period, the subject did not make payments according to his income as required. The subject stated that he had too many bills including medical bills to pay. On 12/30/2005, the subject agreed to a voluntary payroll deduction allowing twenty-five (25) percent of his monthly net income to be applied toward restitution. The subject recently secured employment as a waiter at a Mexican restaurant. He has an outstanding balance of $6,529.20.

The Court should also be aware that the subject reportedly attempted suicide by ingesting a bottle of sleeping pills in December 2005. The subject reported being depressed about his hand injury and relationship problems with his girlfriend. The subject has since been referred for psychological counseling with Dr. Stephen Choy. Dr. Choy is also a Certified Substance Abuse Counselor and can address the subject's recent cocaine use.

Prob 12B
(7/93)

5

Despite the above, it is respectfully recommended that the Court allow the subject to remain under the supervision of our office. The subject was sternly admonished and warned that any future noncompliance will necessarily require our office to initiate revocation proceedings. In a final effort to bring the subject into compliance, it is respectfully recommended that the Court modify his conditions of supervision to require him to serve two (2) months of community confinement in a community corrections center such as Mahoney Hale. His placement at Mahoney Hale will enable our office to more closely monitor his activities in the community. Our office has confirmed that there is immediate bed space at Mahoney Hale for the subject. As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this modification. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed sanction.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 2/9/2006

THE COURT ORDERS:

[ X ] The Modification of Conditions as Noted Above
[   ] Other

SUSAN OKI MOLLWAY
U.S. District Judge

Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

       I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

       I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

      *General Condition*        *That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.*

      *Special Condition No. 1*        *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

      *Special Condition No. 9*        *That the defendant serve two (2) months community confinement in a community corrections center such as Mahoney Hale, as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.*

Witness:   _Frank M. Cordello_ #         Signed:   _Shane Rodrigues_
           FRANK M. CONDELLO, II                 SHANE RODRIGUES
            U.S. Probation Officer                    Supervised Releasee

                                        _2/8/06_
                                        Date

PROB. 12B
(7/93)

# United States District Court

**for the**

'05 JUL 15 P2:07

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 1 5 2005

at 10 o'clock and 55 A min. M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: SHANE RODRIGUES          Case Number: CR 00-00471SOM-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 8/10/2001

Original Offense:    <u>Counts 1 and 2</u>:  Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:    Thirty-seven (37) months imprisonment as to each of Counts 1 and 2, to run concurrently with each other, to be followed by three (3) years of supervised release as to each of Counts 1 and 2, all terms to run concurrently with each other.  The following special conditions were imposed:  1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) The defendant is prohibited from possessing any illegal or dangerous weapons; 3) The defendant shall provide the Probation Office access to any requested financial information; 4) The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office; 5) The defendant shall participate in a mental health program at the discretion and direction of the Probation Office; and 6) Restitution of $5,296.00 is due immediately to Bank of Hawaii, P.O. Box 2900, Honolulu, Hawaii 96846, Attention: Gordon Lee; and $2,964.00 is due immediately to First Hawaiian Bank, Security Department, P.O. Box 1959, Honolulu, Hawaii 96805-1959.  Any remaining balance upon release from confinement is to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of the defendant's monthly gross income.

Prob 12B
(7/93)

2

Modification:       On 1/25/2005, the Court modified the conditions of supervision to include:

7)  That the defendant perform 24 hours of community service as directed by the Probation Office.

Type of Supervision: Supervised Release    Date Supervision Commenced: 5/21/2004

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

8.    That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | The subject's urine specimen of 5/31/2005 tested positive for cocaine. |
| 2. General Condition | The subject admitted using cocaine on 6/24/2005. |
| 3. Special Condition No. 1 | The subject refused to comply with drug testing on 6/24/2005. |
| 4. Special Condition No. 6 | The subject failed to make a restitution payment for the months of February 2005, March 2005, and April 2005. |

The Court was previously notified on 10/18/2004 of the subject's refusal to comply with drug testing on 8/20/2004, 9/27/2004, and 10/11/2004.  In response to his noncompliance, the subject was served with a letter of reprimand and informed that he would be extended in his current level of drug testing at Drug Addiction Services of Hawaii, Inc. (DASH), by three (3) months.  No further action was recommended and Your Honor concurred.

On 1/21/2005, the Court was notified that the subject incurred a line of credit with the Honolulu Federal Employees Credit Union in November 2004, without the approval of the Probation Office.  Specifically, the subject secured a $15,363 automobile loan. As a sanction for his noncompliance, it was recommended that the Court modify his conditions of supervision to require the subject to perform twenty-four (24) hours of community service.  Your Honor concurred with this recommendation.

Prob 12B
(7/93)

3

        Since the last report to the Court, the subject has incurred a number of additional
violations.  On 5/31/2005, the subject submitted a urine specimen at DASH that was
later confirmed to be positive for cocaine by Quest Diagnostics.  The subject admitted
that he used cocaine on 5/29/2005, due to stress and feeling sorry for himself.  In April
2005, the subject suffered a serious accident at home, where he severed nerves and
tendons in his left hand.  As a result, he lost his job as a heavy equipment operator and
his hand will require at least three (3) more surgeries to improve the mobility and use of
his hand.

        Per the special condition, the subject is enrolled in a drug testing program at
DASH.  The subject is required to call a telephone message recorder daily to obtain
instructions for submitting a urine specimen to DASH the following day.  DASH
informed our office that on 6/24/2005, the subject failed to report for drug testing.  As
the subject was oriented to the requirements of the drug testing program, he is charged
with refusal to comply with drug testing.  On 6/28/2005, the subject admitted that he
missed his drug test on 6/24/2005 because he used cocaine on that date.  The subject
provided a urine specimen at the Probation Office on 6/28/2005, which was tested
using a Non-Instrumented Drug Testing (NIDT) device, and was found to be positive for
cocaine.  The specimen was confirmed positive for cocaine by Quest Diagnostics.

        The subject previously completed weekly group and individual substance abuse
counseling at DASH.  In an effort to address his recent cocaine use, the subject will be
referred to Intensive Outpatient (IOP) counseling at DASH.  This will consist of at least
three (3) counseling sessions per week.  The subject is amenable to this regimen of
counseling at this time.

        With respect to his restitution obligation, the subject is to make installment
payments toward his restitution balance according to the collection policy of the
Probation Office but at a rate of not less than 10 percent of his monthly gross income.
Up until February 2005, the subject was employed with Worldwide Window Cleaning.
An arrangement was made with his employer to have automatic payroll deduction for
the payment of restitution.  In February 2005, the subject began a non-paid training
program with the Operator Engineers Union and the voluntary payroll deduction with
Worldwide Window Cleaning stopped.  With minimal income in February, the subject
did not make a restitution payment for this month.

        In late March 2005, the subject began employment with Hawaiian Dredging as a
heavy equipment operator.  Based on his income for the month of March 2005, the
subject should have made a $126.00 restitution payment but failed to do so.  The
subject did not receive any income for the months of April and May 2005 as a result of
the above-mentioned hand injury.  The subject has since made a token payment on
5/4/2005 of $25.

        The subject has been approved for Temporary Disability Insurance and should
be receiving approximately $1,200.00 per month.  He has been instructed that no less
than 10 percent of this should be applied toward his restitution obligation monthly.

Prob 12B
(7/93)

4

Despite the above, it is respectfully recommended that the Court allow the subject to remain under the supervision of our office. He was sternly admonished for his behavior and warned that future drug use will require his entry into a residential substance abuse program, or result in a request for the initiation of revocation proceedings. In an effort to sanction the subject, it is respectfully recommended that the Court modify his conditions of supervision to require him to serve two (2) months of home detention with electronic monitoring. As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this modification. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed sanction and have no objection.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 7/12/2005

THE COURT ORDERS:

[X]    The Modification of Conditions as Noted Above
[ ]    Other

SUSAN OKI MOLLWAY
U.S. DISTRICT JUDGE

7-14-05
Date

# United States District Court

### District of Hawaii

#### Waiver of Hearing to Modify Conditions
#### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

8.    *That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.*

Witness: _Frank M. Condello II_
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: _____
SHANE RODRIGUES
Supervised Releasee

_6/28/05_
Date

PROB. 12B
(7/93)

RECEIVED

FILED IN THE
UNITED STATES DISTRICT COUR
DISTRICT OF HAWAII

JAN 2 5 2005

at __ o'clock and __ min. __ M.
WALTER A. Y. H. CHINN, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

'05  JAN 25  P1 :48

U.S. PROBATION OFFICE

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  SHANE RODRIGUES          Case Number:  CR 00-00471SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  8/10/2001

Original Offense:    <u>Counts 1 and 2</u>:  Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   Thirty-seven (37) months imprisonment as to each of Counts 1 and 2, to run concurrently with each other, to be followed by three (3) years of supervised release as to each of Counts 1 and 2, all terms to run concurrently with each other.  The following special conditions were imposed:  1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) The defendant is prohibited from possessing any illegal or dangerous weapons; 3) The defendant shall provide the Probation Office access to any requested financial information; 4) The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office; 5) The defendant shall participate in a mental health program at the discretion and direction of the Probation Office; and 6) Restitution of $5,296.00 is due immediately to Bank of Hawaii, P.O. Box 2900, Honolulu, Hawaii 96846, Attention:  Gordon Lee; and $2,964.00 is due immediately to First Hawaiian Bank, Security Department, P.O. Box 1959, Honolulu, Hawaii 96805-1959.  Any remaining balance upon release from confinement is to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of the defendant's monthly gross income.

<u>Type of Supervision</u>:  Supervised Release     Date Supervision Commenced:  5/21/2004

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

      7.    *That the defendant perform 24 hours of community service as directed by the Probation Office.*

### CAUSE

The Court was previously notified on 10/18/2004 of the subject's refusal to comply with drug testing on 8/20/2004, 9/27/2004, and 10/11/2004. In response to his noncompliance, the subject was served with a letter of reprimand and informed that he would be extended in his current level of drug testing at Drug Addiction Services of Hawaii Inc. (DASH) by three (3) months. No further action was recommended and Your Honor concurred.

This report serves to notify the Court of the following additional violation of supervision:

| Violation | Nature of Noncompliance |
|---|---|
| Special Condition No. 4 | The subject incurred a line of credit with the Honolulu Federal Employees Credit Union in November 2004, without the approval of the Probation Office. |

As evidenced by his signature on 5/26/2004, the subject was notified in writing by our office of the standard and special conditions of supervision. Special Condition No. 4 states that the subject is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office. On 1/4/2005, this officer conducted a routine credit bureau check as part of the case review process. The credit report indicated that the subject secured a $15,363 automobile loan in November 2004, from the Honolulu Federal Employees Credit Union. The subject did not have the approval of the Probation Office to secure this loan.

The subject later admitted that he purchased a 2003 Volkswagen Golf in order to have a vehicle for work purposes. He stated that he forgot that he needed our office's permission prior to obtaining a line of credit. The subject was verbally reprimanded and informed that the loan he secured could have paid off his restitution in full and still enabled him to purchase a cheaper vehicle.

To his credit, the subject has remained full-time employed since the beginning of supervision. The subject's monthly restitution payments are made through a voluntary payroll deduction agreement with his employer. The subject begins new employment later this month through the Operating Engineers Union and his income is expected to increase substantially, allowing for larger monthly restitution payments. The subject's current restitution balance is $6,742.20.

Prob 12B
(7/93)

3

     In an effort to sanction the subject and impress upon him the importance of complying with all the conditions of supervised release, it is respectfully recommended that the Court modify his conditions of supervision to require him to perform twenty-four (24) hours of community service. As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this modification. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed sanction and have no objections.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 1/21/2005

Prob 12B
(7/93)

4

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[   ]   Other

SUSAN OKI MOLLWAY
U.S. District Judge

JAN 2 1 2005
Date

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

7.    *That the defendant perform 24 hours of community service as directed by the Probation Office.*

Witness: _____
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: X _____
SHANE RODRIGUES
Supervised/Releasee

_____
1/7/05
Date

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]     To modify the conditions of supervision as follows:

7.     *That the defendant perform 24 hours of community service as directed by the Probation Office.*

Witness: _____
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: X _____
SHANE RODRIGUES
Supervised Releasee

_____
1/7/05
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

7.    *That the defendant perform 24 hours of community service as directed by the Probation Office.*

Witness: _Frank M. Condello II_
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: X _Shane Rodrigues_
SHANE RODRIGUES
Supervised Releasee

_1/7/05_
Date