PROB. 12B
(7/93)

# United States District Court

for the

## DISTRICT OF HAWAII

'05 JUL 15 P2:07

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 1 5 2005

at 10 o'clock and 55 min. A M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: SHANE RODRIGUES          Case Number: CR 00-00471SOM-01

Name of Sentencing Judicial Officer: The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 8/10/2001

Original Offense: <u>Counts 1 and 2</u>: Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence: Thirty-seven (37) months imprisonment as to each of Counts 1 and 2, to run concurrently with each other, to be followed by three (3) years of supervised release as to each of Counts 1 and 2, all terms to run concurrently with each other. The following special conditions were imposed: 1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) The defendant is prohibited from possessing any illegal or dangerous weapons; 3) The defendant shall provide the Probation Office access to any requested financial information; 4) The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office; 5) The defendant shall participate in a mental health program at the discretion and direction of the Probation Office; and 6) Restitution of $5,296.00 is due immediately to Bank of Hawaii, P.O. Box 2900, Honolulu, Hawaii 96846, Attention: Gordon Lee; and $2,964.00 is due immediately to First Hawaiian Bank, Security Department, P.O. Box 1959, Honolulu, Hawaii 96805-1959. Any remaining balance upon release from confinement is to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of the defendant's monthly gross income.

**Exhibit B**

Modification:    On 1/25/2005, the Court modified the conditions of supervision to include:

7) That the defendant perform 24 hours of community service as directed by the Probation Office.

<u>Type of Supervision: Supervised Release    Date Supervision Commenced: 5/21/2004</u>

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

8.   That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. General Condition | The subject's urine specimen of 5/31/2005 tested positive for cocaine. |
| 2. General Condition | The subject admitted using cocaine on 6/24/2005. |
| 3. Special Condition No. 1 | The subject refused to comply with drug testing on 6/24/2005. |
| 4. Special Condition No. 6 | The subject failed to make a restitution payment for the months of February 2005, March 2005, and April 2005. |

The Court was previously notified on 10/18/2004 of the subject's refusal to comply with drug testing on 8/20/2004, 9/27/2004, and 10/11/2004. In response to his noncompliance, the subject was served with a letter of reprimand and informed that he would be extended in his current level of drug testing at Drug Addiction Services of Hawaii, Inc. (DASH), by three (3) months. No further action was recommended and Your Honor concurred.

On 1/21/2005, the Court was notified that the subject incurred a line of credit with the Honolulu Federal Employees Credit Union in November 2004, without the approval of the Probation Office. Specifically, the subject secured a $15,363 automobile loan. As a sanction for his noncompliance, it was recommended that the Court modify his conditions of supervision to require the subject to perform twenty-four (24) hours of community service. Your Honor concurred with this recommendation.

**Exhibit B**

Since the last report to the Court, the subject has incurred a number of additional violations. On 5/31/2005, the subject submitted a urine specimen at DASH that was later confirmed to be positive for cocaine by Quest Diagnostics. The subject admitted that he used cocaine on 5/29/2005, due to stress and feeling sorry for himself. In April 2005, the subject suffered a serious accident at home, where he severed nerves and tendons in his left hand. As a result, he lost his job as a heavy equipment operator and his hand will require at least three (3) more surgeries to improve the mobility and use of his hand.

Per the special condition, the subject is enrolled in a drug testing program at DASH. The subject is required to call a telephone message recorder daily to obtain instructions for submitting a urine specimen to DASH the following day. DASH informed our office that on 6/24/2005, the subject failed to report for drug testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. On 6/28/2005, the subject admitted that he missed his drug test on 6/24/2005 because he used cocaine on that date. The subject provided a urine specimen at the Probation Office on 6/28/2005, which was tested using a Non-Instrumented Drug Testing (NIDT) device, and was found to be positive for cocaine. The specimen was confirmed positive for cocaine by Quest Diagnostics.

The subject previously completed weekly group and individual substance abuse counseling at DASH. In an effort to address his recent cocaine use, the subject will be referred to Intensive Outpatient (IOP) counseling at DASH. This will consist of at least three (3) counseling sessions per week. The subject is amenable to this regimen of counseling at this time.

With respect to his restitution obligation, the subject is to make installment payments toward his restitution balance according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Up until February 2005, the subject was employed with Worldwide Window Cleaning. An arrangement was made with his employer to have automatic payroll deduction for the payment of restitution. In February 2005, the subject began a non-paid training program with the Operator Engineers Union and the voluntary payroll deduction with Worldwide Window Cleaning stopped. With minimal income in February, the subject did not make a restitution payment for this month.

In late March 2005, the subject began employment with Hawaiian Dredging as a heavy equipment operator. Based on his income for the month of March 2005, the subject should have made a $126.00 restitution payment but failed to do so. The subject did not receive any income for the months of April and May 2005 as a result of the above-mentioned hand injury. The subject has since made a token payment on 5/4/2005 of $25.

The subject has been approved for Temporary Disability Insurance and should be receiving approximately $1,200.00 per month. He has been instructed that no less than 10 percent of this should be applied toward his restitution obligation monthly.

**Exhibit B**

Prob 12B
(7/93)

4

Despite the above, it is respectfully recommended that the Court allow the subject to remain under the supervision of our office. He was sternly admonished for his behavior and warned that future drug use will require his entry into a residential substance abuse program, or result in a request for the initiation of revocation proceedings. In an effort to sanction the subject, it is respectfully recommended that the Court modify his conditions of supervision to require him to serve two (2) months of home detention with electronic monitoring. As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this modification. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed sanction and have no objection.

Respectfully submitted by,

*/s/ Frank M. Condello II*

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*/s/ Timothy M. Jenkins*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 7/12/2005

---

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]   Other

*/s/ Susan Oki Mollway*
SUSAN OKI MOLLWAY
U.S. DISTRICT JUDGE

7-14-05
Date

**Exhibit B**

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

8.   *That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.*

Witness: _FRANK M. CONDELLO II_
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: _____
SHANE RODRIGUES
Supervised Releasee

6/28/05
Date

**Exhibit B**