EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LAWRENCE L. TONG    #3040
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Larry.Tong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 00-00471 SOM |
| | ) |
| Plaintiff, | ) GOVERNMENT'S MEMORANDUM RE |
| | ) USAGE OF VIOLATION NUMBERS 1-5; |
| vs. | ) CERTIFICATE OF SERVICE |
| | ) |
| SHANE RODRIGUES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

GOVERNMENT'S MEMORANDUM RE
USAGE OF VIOLATION NUMBERS 1-5

        Defendant Shane Rodrigues argues that the court may not

use past violations resulting in modifications of supervision as

a basis for a revocation of supervised release.  The United

States submits that the court is free to revoke defendant's

supervised release on the basis of such violations, and may also

consider the violations in imposing any sentence which it might

impose.

The petition for action alleges seven violations of supervised release.  Four of the violations were previously brought to the attention of the court, and resulted in modifications of defendant's conditions of supervised release. Defendant argues that these modifications preclude the court from revoking his supervision on the basis of the same violations. Defendant does not assert a constitutional or statutory challenge to the successive use of a single violation.[1]  His argument is instead bottomed on contract principles:  defendant claims he "offered" to have his supervision increased as a result of each violation, and that the court's modification constituted an "acceptance" which contractually bars it from seeking any further remedy for the same violation.

Defendant concedes he has found no case authority for this novel proposition.  Nor has the government.  The government submits, however, that there is no legal or policy reason why the court should be prevented from using the same violations as a basis for both modifications and revocation of supervised release.  The court has broad authority under 18 U.S.C. § 3583(e)

---

[1]  Defendant does not argue that a modification and revocation based on the same violation would constitute multiple punishments in violation of the double jeopardy clause.  Double jeopardy applies only to criminal prosecutions, and not to modifications or revocations.  United States v. Soto-Olivas, 44 F.3d 788 (9th Cir.), cert. denied, 515 U.S. 1127 (1995); United States v. Woods, 127 F.3d 990 (11th Cir. 1997)(probation); and United States v. Woodrup, 86 F.3d 359 (4th Cir.), cert. denied, 519 U.S. 955 (1996)(supervised release).

to "modify, reduce, or enlarge" the conditions of supervised release at any time, and for any reason, during the term of supervision.  A court may exercise its authority even in the absence of a violation of a condition of supervision.  By contrast, section 3583(e)(3) authorizes the court to revoke supervised release, upon a finding that a defendant violated a condition of supervision.  There is absolutely no language in section 3583(e)(3) suggesting that the court's authority to revoke is limited by any prior modifications which it has ordered.

On the contrary, the statutory scheme contemplates that a court may use the same violation as a basis for both a modification and later revocation of supervision.  For example, 18 U.S.C. § 3583(g)(4) _requires_ the court to revoke supervision if a defendant tests positive for controlled substances more than three times in one year.  Congress must have presumed that a court would take some action if a defendant tested positive twice.  Such action might include modifications requiring increased drug testing, counseling and participation in programs. If defendant's theory was correct, such modifications would prevent the court from using the same positive drug tests as a basis for revocation.  Yet 18 U.S.C. § 3583(g)(4) not only allows, but requires, the court to consider all three positive drug tests, even if the first two were already used to support

3

modified conditions of release.  <u>United States v. Kindred</u>, 918
F.2d 485, 487-88 (5th Cir. 1990)(noting mandatory nature of
section 3583(g)(4), and also that "our decisions do not preclude
a district court from basing revocation on pre-modification
violations")[2]; <u>c.f.</u> <u>United States v. Young</u>, 756 F.2d 64 (8th Cir.
1985) (in revoking probation, court could consider same
violations which were basis of earlier modifications).

        Defendant's argument is also inconsistent with the
policy considerations underlying supervised release.  "Supervised
release is an integral part of the federal sentencing structure,
similar in purpose and scope to its predecessor, parole."  <u>United
States v. Huerta-Pimental</u>, 445 F.3d 1220, 1222 (9th Cir.), <u>cert.
denied</u>, 127 S.Ct. 545 (2006) (citation omitted).  The conditions
of release are intended to rehabilitate the offender and protect
the public.  <u>United States v. Consuelo-Gonzalez</u>, 521 F.2d 259,
263 (9th Cir. 1975).  The courts are given broad flexibility to
fashion, and modify, conditions to meet the changing needs of an
offender.  Many violations of supervision may be addressed by
intermediary sanctions short of revocation.  It is incongruous to
suggest that, once such sanctions are imposed, a court may no
longer consider revocation if it later proves appropriate.  If
this argument were accepted, a court would be inclined to revoke

---

        [2]  Such revocation would be mandatory even if a defendant
successfully complied with any enhanced conditions imposed as a
result of the first two positive tests.

supervision each time a violation occurred, so as not to lose the ultimate sanction.  Such an approach would not seem in the best interest of either the offender or society.

In this case, the court has before it seven alleged violations.  Defendant admits that three of the violations -- numbers 2, 6 and 7, dealing with the failure to complete community service, pay restitution, and submit monthly supervision reports -- have not previously been considered by this court.  This court plainly can revoke on the basis of those violations alone.  But it also can revoke on the basis of the other violations.  And, as defendant concedes, the court certainly may consider all of the violations in deciding what sentence to impose.

Dated: Honolulu, Hawaii, December 1, 2006.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Lawrence L. Tong
   LAWRENCE L. TONG
   Assistant U.S. Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served electronically through CM/ECF</u>:

Alexander Silvert                December 1, 2006
First Assistant Federal Defender
<u>alexander_silvert@fd.org</u>

Attorney for Defendant
SHANE RODRIGUES


        DATED:  December 1, 2006, at Honolulu, Hawaii.


                                /s/ Janice Tsumoto