PETER C. WOLFF, JR.  #2332
Federal Public Defender
District of Hawaii

ALEXANDER SILVERT
First Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii   96850-5269

Telephone:  (808) 541-2521
Facsimile:  (808) 541-3545
E-Mail:     alexander_silvert@fd.org

Attorney for Defendant
SHANE RODRIGUES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 00-00471 SOM |
| | ) |
| Plaintiff, | ) DEFENDANT'S RESPONSE TO |
| | ) GOVERNMENT'S |
| vs. | ) MEMORANDUM OF LAW; |
| | ) CERTIFICATE OF SERVICE |
| SHANE RODRIGUES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE TO
GOVERNMENT'S MEMORANDUM OF LAW**

While acknowledging that there is no case law on point affirming *or*

*refuting* the defendant's legal argument that a supervised release modification

order should be viewed as a contract and subject to contract law principles, the government asserts that there is no "legal or policy reason why the court should be prevented from using the same violations as a basis for both modifications and revocation of supervised release." The government then posits that the mandatory revocation requirements of 18 U.S.C. § 3583(g)(4) demonstrate the fallacy or inapplicability of the defendant's position. The government's analysis, however, is fundamentally flawed.

  First, if a defendant tests positive three or more times, the law requires that a court revoke that defendant's supervised release. There is no discretion that would permit a court from modifying a defendant's supervised release under such circumstances. Second, even if, as the government posits, a defendant tested positive twice and was subject to a modification order, and then tested positive again, the modification order would not protect the defendant from revocation. As argued in the defendant's moving papers, because the defendant used drugs again *after* he had contractually agreed not to as per the modification order/contract, the defendant has violated the terms of the modification order and the prior drug tests can be counted. Accordingly, the mandatory revocation requirements of 18 U.S.C. § 3583(g)(4) are not effected by the defendant's contract argument, rather they work in harmony with the defendant's legal

position. Recision of a contract is an entirely appropriate remedy upon a breach of the contract by one of the parties.

The appropriateness of applying contract law principles to supervised release modification orders is further evidenced by the government's own argument that the "conditions of release are intended to rehabilitate the offender and protect the public." United States v. Consuelo-Gonzalez, 521 F.2d 259, 263 (9th Cir. 1975). The purpose of a modification order is an attempt by the Court to, short of a formal revocation proceeding, afford a defendant the opportunity to correct his/her misbehavior by imposing additional conditions of supervised release. For example, if a defendant is using drugs and/or missing drug tests and the Court is concerned that the defendant may be using drugs or about to use drugs, placing a defendant in a more regulated drug treatment program through a contractual agreement by the parties may serve to "rehabilitate" the defendant and, thereby, "protect the public." If successful, both aims of supervised release are achieved. Thus, the "contract," or modification order, had its desired affect and both parties should be required to abide by the terms of the agreement. Isn't this exactly what we want - to take measures, whatever form they may take - to bring about a successful change in a defendant's behavior? Why then, if the defendant violates supervised release for some completely unrelated behavior, but continues

to be drug free and attend his testing requirements as mandated, should that "corrected" behavior be permitted to be brought up as a reason to violate supervised release? While, as argued in the defendant's moving papers, that prior behavior may be considered by the Court in determining the totality of the defendant's history while on supervised release, it should not form the basis of a violation in and of itself.

      The defendant submits that the contract analogy being put forth to this Court regarding modification orders not only works, but works in total harmony with the very principals underlying the entire supervised release program. It permits a court to handle certain types of misbehavior by defendants informally and in a flexible manner while maintaining the integrity of the system. But integrity works both ways. If a defendant agrees, through a modification agreement/contract, to enter a more restrictive supervised release environment (such as a drug treatment program or half-way house) and successfully completes that requirement and does not repeat that same behavior, is it unreasonable for that defendant to expect that the Court will hold up its end of the bargain and not use that same behavior to violate the defendant in the future? The defendant submits that using these past incidents that have been successfully resolved through modification orders as the basis for some future violation proceeding even though

the defendant has conformed his/her behavior in that area actually discredits the court system and the probation system, as it demonstrates an attitude of "do as we say, and even if you do, we don't care." Surely that is not the message we wish to send to defendants who we are hoping will become productive and positive members of society upon their completion of supervised release.

   Moreover, it could actually serve as a disincentive to defendants, as whether or not *they* conform their behavior to what is required, it may be irrelevant since the Court or the probation officer can resurrect that past behavior in some future proceeding simply if the court or probation officer wishes. Given this reality, a defendant may as well light up another joint - using the vernacular - and get it over with rather than hoping and praying that at some point, perhaps just short of ending their supervised release term, a probation officer does not resurrect this past conduct in an effort to revoke a defendant's supervised release. Legally, the government's argument would permit such an action while the defendant's contract argument would prohibit it so long as the defendant has held up his part of the bargain.

   DATED: Honolulu, Hawaii, December 4, 2006.

          /s/ Alexander Silvert
         ALEXANDER SILVERT
         Attorney for Defendant
         SHANE RODRIGUES

## CERTIFICATE OF SERVICE

ALEXANDER SILVERT, hereby certifies that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at the last known address on December 4, 2006:

Served Electronically through CM/ECF:

LAWRENCE L. TONG
Assistant United States Attorney
    Attorney for Plaintiff
      UNITED STATES OF AMERICA


        /s/ Alexander Silvert
        ALEXANDER SILVERT
        Attorney for Defendant
        SHANE RODRIGUES