Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 15 2007

at o'clock and ___ min ___ M.
SUE BEITIA, CLERK

**for the**

**DISTRICT OF HAWAII**

**ORIGINAL**

U.S.A. vs. <u>SHANE RODRIGUES</u>          Docket No. <u>CR 00-00471SOM-01</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of SHANE RODRIGUES, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 10th day of August 2001, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. The defendant is prohibited from possessing any illegal or dangerous weapons.

3. The defendant shall provide the Probation Office access to any requested financial information.

4. The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5. The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

6. Restitution of $5,296 is due immediately to Bank of Hawaii, P.O. Box 2900, Honolulu, Hawaii 96846, Attention: Gordon Lee; and $2,964 is due immediately to First Hawaiian Bank, Security Department, P.O. Box 1959, Honolulu, Hawaii 96805-1959. Any remaining balance upon release from confinement is to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of the defendant's monthly gross income.

On 1/21/2005, the Court modified the conditions of supervised release as follows:

7. That the defendant perform 24 hours of community service as directed by the Probation Office.



SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

On 7/14/2005, the Court modified the conditions of supervised release as follows:

8.   That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

On 2/13/2006, the Court modified the conditions of supervised release as follows:

General Condition:  That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition No. 1:  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

9.   That the defendant serve two (2) months community confinement in a community corrections center such as Mahoney Hale, as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

On 1/25/2007, the Court revoked the subject's supervised release for the following violations:  6) The subject failed to make restitution payments for the months of February 2005, March 2005, April 2005, June 2005, July 2005, August 2005, October 2005, January 2006, February 2006, March 2006, May 2006, June 2006, July 2006, and August 2006; and 7) The subject failed to submit a monthly supervision report for the months of April 2006, May 2006, June 2006, July 2006, August 2006, and September 2006.  The subject was sentenced to one (1) day imprisonment to be followed by thirty-five (35) months of supervised release.  The following special conditions were imposed:

1.   That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.   That  restitution of $5,476.20 is due immediately to Bank of Hawaii and First Hawaiian Bank, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

3.   That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

Prob 12C
(Rev. 1/06 D/HI)

3

4.  That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

6.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

7.  That the defendant serve 88 days of intermittent confinement at the Federal Detention Center (FDC) commencing on 2/10/2007 and to be completed on 12/9/2007.  The defendant shall comply with the rules and regulations set forth by the FDC.  The defendant shall surrender to the FDC no later than 6:00 p.m. on each Saturday and shall be released from FDC no later than 12:00 p.m. on each Sunday.

On 4/19/2007, the Court suspended intermittent confinement on 4/21/2007, to be resumed on 4/28/2007, and extending the completion date to 12/16/2007.  This was done due to the subject having hand surgery.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his supervised release (Judgment attached) as follows:

1.  That on or about 1/27/2007, the subject failed to notify the Probation Officer ten (10) days prior to any change in employment, in violation of Standard Condition No. 6.

2.  The subject's urine specimen taken as part of the treatment regimen submitted on 9/19/2007 tested positive for cocaine, in violation of Standard Condition No. 7.

3.  That on 10/5/2007, the subject admitted using cocaine on 10/3/2007, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   10/11/2007

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 11th day of October, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **RODRIGUES, Shane**
      **Criminal No. CR 00-00471SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The subject pled guilty to Counts 1 and 2: Bank Robbery, Class C felonies. He was sentenced by Your Honor on 8/10/2001 to thirty-seven (37) months imprisonment with three (3) years supervised release to follow. The subject began his first supervised release term on 5/21/2004.

On 1/25/2007, the subject's supervised release was revoked and Your Honor sentenced him to one (1) day of imprisonment to be followed by thirty-five (35) months of supervised release. The subject was allowed to surrender for service of the sentence on 2/3/2007. The subject began his second supervised release term on 2/4/2007. The special conditions are noted on pages 2 and 3 of the petition.

**Violation No. 1 - Failed to Notify the Probation Officer ten (10) Days Prior to any Change in Employment:** On 4/19/2007, Your Honor was informed that on 2/27/2007, this officer contacted Goodfellow Construction and spoke to the subject's supervisor, James Arthur. Mr. Arthur reported that the subject had been terminated several days after the revocation of his supervised release on 1/25/2007. The subject was terminated for excessive absences from work. The subject was confronted by this officer and admitted that he failed to inform our office of his termination because he was afraid that his supervised release term would be revoked. The subject claimed that he planned to inform our office once he was hired by another company through the union. The subject was admonished for not immediately notifying our office of his termination from employment. He was also admonished for being terminated for missing too much work.

As an additional sanction for his noncompliance, our office conducted a three-way interview with the subject, this officer, and Supervising U.S. Probation Officer Timothy Jenkins on 3/27/2007. It is worth noting that the subject reported to the meeting thirty-five (35) minutes late. The subject was verbally admonished and informed that future noncompliance would likely result in our office initiating revocation proceedings. At that time, our office recommended no further adverse action be taken and Your Honor concurred.

**Violation No. 2 - Urine Specimen Taken as Part of the Treatment Regimen Submitted on 9/19/2007 Tested Positive for Cocaine:** Per the special condition, the subject was referred to Freedom Recovery Services (FRS) for substance abuse counseling and random drug testing. As part of the treatment regimen, the subject submitted a urine specimen at FRS on 9/19/2007. The specimen was tested using a non-instrumented drug testing device (NIDTD) and found to be presumptively positive for cocaine. According to Denny Schnaible, Certified Substance Abuse Counselor at FRS, the subject begged him to give the subject a chance and not send in the urine specimen to the laboratory for confirmation testing. The subject reportedly became very argumentative and verbalized to Mr. Schnaible that he would tell the Court that Mr. Schnaible knowingly let positive drug tests go by without reporting them. He also reportedly stated that he would tell the Court that Mr. Schnaible knowingly let him use a "false penis" to subvert drug testing, and that he knowingly lets others get away with this also. Mr. Schnaible told the subject that he would call 911 and have the subject removed from the office. The subject left the office as instructed.

Re:    **RODRIGUES, Shane**
       **Criminal No. CR 00-00471SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

On 9/28/2007, the subject was confronted by this officer after the urine specimen of 9/19/2007 was confirmed positive for cocaine by a laboratory. The subject admitted to using cocaine on the weekend of 9/15/2007. The subject was admonished for not being truthful with our office and for his behavior at the FRS office on 9/19/2007. The subject was informed that such behavior would not be tolerated in the future.

**Violation No. 3 - Admitted Using Cocaine on 10/3/2007:** On 10/5/2007, the subject reported to FRS to submit a urine specimen as part of his substance abuse treatment regimen. According to Mr. Schnaible at FRS, the subject entered the bathroom with Mr. Schnaible and initially followed the procedure by turning toward Mr. Schnaible and opening the front of his pants so Mr. Schnaible could see that there was no device inside his pants or under his shirt that could be used to subvert the drug testing protocol. When facing the toilet, the subject reportedly pulled what appeared to be a false penis from the fly hole of his boxer shorts. The subject was confronted by Mr. Schnaible and the subject pulled down his pants to show Mr. Schnaible that he was not hiding a false penis device. The subject then reportedly attempted to provide a urine specimen but Mr. Schnaible again noticed what appeared to be a false penis protruding from the subject's boxer shorts. After again being confronted about this, the subject was instructed to leave the FRS office. Prior to leaving, the subject reportedly asked Mr. Schnaible to not report what he had witnessed to this officer. The subject was informed that everything would be reported to the Probation Office.

On 10/5/2007, the subject was instructed to report to the Probation Office to submit a urine specimen for testing. The subject reported to the Probation Office more than an hour after leaving the FRS office. The subject admitted that he used cocaine on 10/3/2007 but denied attempting to use a false penis device to subvert urine testing at FRS. The subject submitted a urine specimen to this officer which tested presumptively positive for cocaine. The specimen was forwarded to a laboratory for confirmation testing and our office has not received the result. The subject claimed that he used cocaine due to stress after finding out that his girlfriend is pregnant with his child. It is important to note that the subject again accused Mr. Schnaible of FRS of wrongdoing. He claimed that Mr. Schnaible overlooked a positive test of the subject in December 2006 or early January 2007.

Re:    **RODRIGUES, Shane**
       **Criminal No. CR 00-00471SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


        Our office is very concerned that the subject has used cocaine on at least two
occasions and has exhibited inappropriate behavior at the FRS program.  The subject does
not appear to be stable at this time and is unwilling to be completely forthright with our office.
Based on the above, we respectfully recommend that the Court issue a No Bail Warrant for his
appearance to show cause why supervised release should not be revoked.

                                            Respectfully submitted by,


                                            FRANK M. CONDELLO, II
                                            U.S. Probation Officer


Approved by:


GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FMC/dck

Re:    **RODRIGUES, Shane**
       **Criminal No. CR 00-00471SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

        None.

AO 245D    (Rev. 12/03)  Sheet 1 - Judgment in a Criminal Case for Revocation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

FEB  1 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA

v.

## SHANE RODRIGUES
(Defendant's Name)

### JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)

Criminal Number:    **1:00CR00471-001**
USM Number:         88126-022

**Alexander Silvert AFPD**
Defendant's Attorney

## THE DEFENDANT:

[✔]    admitted guilt to violation of conditions    Standard Condition No. 2 and Special Condition No. 6    of the term of supervision.

[ ]    was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated conditions___ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:    **1426**

Defendant's Residence Address:
**Honolulu, Hawaii 96817**

Defendant's Mailing Address:
**Honolulu, Hawaii 96817**

JANUARY 25, 2007
Date of Imposition of Sentence

Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

2/1/07
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

| CASE NUMBER: | 1:00CR00471-001 | Judgment - Page 2 of 7 |
| DEFENDANT: | SHANE S. RODRIGUES | |

### ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|

6      Subject failed to make restitution payment for the months of February 2005, March 2005, April 2005, June 2005, July 2005, August 2005, October 2005, January 2006, February 2006, March 2006, May 2006, June 2006, July 2006, and August 2006

7      Subject failed to submit a monthly supervision report for the months of April 2006 May 2006, June 2006, July 2006, August 2006, and September 2006

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

CASE NUMBER:        1:00CR00471-001                                          Judgment - Page 3 of 7
DEFENDANT:          SHANE S. RODRIGUES

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ONE (1) DAY

This term consists of of ONE (1) DAY as to each of Counts 1 and 2, all terms to run concurrelty.

[ ]    The court makes the following recommendations to the Bureau of Prisons:


[ ]    The defendant is remanded to the custody of the United States Marshal.


[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ____ on ____.
       [ ] as notified by the United States Marshal.


[✔]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [✔] before 6:00 p.m.  on 2/3/07 .
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                          _____
                                                    UNITED STATES MARSHAL


                                    By    _____
                                                   Deputy U.S. Marshal

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:    1:00CR00471-001                                   Judgment - Page 4 of 7
DEFENDANT:    SHANE S. RODRIGUES

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: THIRTY FIVE (35) MONTHS

This term consists of THIRTY FIVE (35) MONTHS as to each of Counts 1 and 2, all terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 3 - Supervised Release

CASE NUMBER:    1:00CR00471-001                                    Judgment - Page 5 of 7
DEFENDANT:      SHANE S. RODRIGUES

## SPECIAL CONDITIONS OF SUPERVISION

1.  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That restitution of $5,476.20 is due immediately to Bank of Hawaii and First Hawaiian Bank, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

3.  That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

6.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

7.  That the defendant serve 88 days of intermittent confinement at the Federal Detention Center (FDC) commencing on 2/10/2007 and to be completed on 12/9/2007. The defendant shall comply with the rules and regulations set forth by the FDC. The defendant shall surrender to the FDC no later than 6:00 p.m. on each Saturday and shall be released from FDC no later than 12:00 p.m. on each Sunday.

AO 245 B    (Rev. 6/05) Judgment in a Criminal Case
             Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:    1:00CR00471-001                                          Judgment - Page 6 of 7
DEFENDANT:      SHANE S. RODRIGUES

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|-----------|------|-------------|
| Totals: | $ | $ | $ 5,476.20 |

[ ]    The determination of restitution is deferred until    . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-----------|---------------------|------------------------|
| Bank of Hawaii and First Hawaiian Bank |  | $5,476.20 |  |
| **TOTALS** | $ _ | $ 5,476.20 |  |

[ ]    Restitution amount ordered pursuant to plea agreement  $ _

[ ]    The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ]    the interest requirement is waived for the    [ ] fine    [ ] restitution

[✔]    the interest requirement for the    [ ] fine    [✔] restitution is modified as follows:

Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 6 - Schedule of Payments

CASE NUMBER:    1:00CR00471-001                                    Judgment - Page 7 of 7
DEFENDANT:      SHANE S. RODRIGUES

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
            [ ]    not later than _ , or
            [ ]    in accordance    [ ] C,    [ ] D,    [ ] E, or [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with       [ ] C,    [ ] D, or [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or
            years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or
            years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from
            imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at
            that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties:
            That restitution of $5,476.20 is due immediately to Bank of Hawaii and First Hawaiian
            Bank, and any remaining balance upon release from confinement be paid during the
            period of supervision on an installment basis according to the collection policy of the
            Probation Office but at a rate of not less than 10 percent of his monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau
of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several
       Amount, and corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.